JOSEPH M. ALBERTS, PETITIONER-APPELLEE, v. KEY-
STONE COMMISSARY COMPANY, RESPONDENT-APPEL-
LANT.

Middlesex County Court
Law Division

Decided April 30, 1957.

*Mr. Alfred A. Levinson,* for petitioner-appellee (*Messrs. Jacob & Alfred Levinson,* attorneys).

*Mr. Harrison Williams,* for respondent-appellant (*Messrs. Pollis & Williams,* attorneys).

MORRIS, J. C. C. This is an appeal in a compensation case. There was an award in the Division of Workmen's Compensation in favor of the petitioner-appellee. After the hearings were completed and before the filing by the Deputy Director of a determination of facts, the respondent-appellant applied to the Deputy Director to reopen the proceedings for the purpose of taking the testimony of one Gus Dilla-baugh, a fellow employee of the petitioner-appellee. The application was denied by the Deputy Director. The issues to be determined by this court are:

1. Can the County Court remand this case to the Division of Workmen's Compensation for the purpose of completing the record by taking the testimony of the alleged assailant?

2. Should the County Court, in the interest of justice, remand the case to the Division of Workmen's Compensation in order to complete the record with the testimony of the alleged assailant?

The petitioner-appellee, Joseph M. Alberts, filed a petition with the Compensation Division alleging that he was injured as the result of an assault and battery being committed upon him by a fellow employee on September 24, 1955, while he was employed as a cook by the respondent-appellant. The petition was filed on October 19, 1955, and an answer was filed by the respondent-appellant on November 21, 1955. The final hearing was held on November 9, 1956. After the hearing there was filed with the Deputy Director an affidavit by the said Gus Dillabaugh setting forth his recollections of the circumstances surrounding the alleged assault and battery. The Deputy Director stated in his decision upon the motion to reopen as follows:

"I have since gone over the affidavit of Mr. Dillabaugh and considered what he would testify to if the case was re-opened. I am frank to say that I am somewhat astounded by the unusual facts claimed by Mr. Dillabaugh. Many of the things that he says are so fantastic and unrealistic that his credibility is difficult to comprehend. I have a very serious doubt in my mind, if I permitted Mr. Dillabaugh to testify to the facts as set forth in his affidavit, that I would attach much credibility thereto in the light of the petitioner's testimony and all the facts and circumstances that were brought out at the time of the trial. All this adds up to the attitude that I have, that I have a very serious doubt in my mind that even if Mr. Dillabaugh testified to what he says in the affidavit that it would alter my opinion as to the truth of all the incidents in question. I have a grave reservation in my mind that a re-opening of the case would serve any practical value."

██ I am of the opinion that any court of review can remand a case to the Workmen's Compensation Division for the purpose of completing a record by taking the testimony of additional witnesses. It is my opinion, however, that in the present case it was within the discretion of the Deputy

Director to reopen the case. The appellate reviewing court should not set aside the action of a trial court unless it is of the opinion that there has been an abuse of discretion.

I am of the opinion and I determine that there was not any abuse of discretion by the Deputy Director in the present case, and the application by the respondent-appellant to remand the case to the Division of Workmen's Compensation with the direction to take the testimony of Gus Dillabaugh, the alleged assailant, is denied.